Caria, per Dunkin, Ch.
This court concurs with the presiding Chancellor as to the jurisdiction of the Federal Court, and the binding efficacy of those proceedings on the parties to this litigation.
It is not doubted by the appellants, that the Federal Court had jurisdiction of the cause originally. The complainants were citizens of Georgia, the defendants of South Carolina. It was, substantially, a contest between the judgment creditors of William S. Gillett. The Bank of Georgia attempted to impeach the judgment in favor of the legatees of Dr. E. Gillett, to set it aside altogether, or, that failing, to ascertain the amount really due. In order to fix the sum due by Wm. S. Gillett, as executor of his father, Dr. Gillett, as. well as to know the extent and sufficiency of his own estate, a sale became indispensable. The result of the proceedings was to establish the judgment of the legatees, and to shew also that the estate of Wm. S. Gillett was insufficient to satisfy the amount due to the legatees. The fund in the hands of the court was then ordered to be paid to the legatees in equal proportions. The court agrees with the Chancellor, and for the reasons given by him, that this judgment must be held conclusive.
But this court is also of opinion that the judgment of the Federal Court, on the claims of James Higginbottom, against the estate of Dr. Gillett, is equally conclusive. The indebtedness of Dr. Gillett’s estate was brought in issue by the answer of the executor. The Clerk, acting as Master, reported against the demand of Higginbottom on the account of $1,116 4-7, for which he had taken the executor’s note.
*158 Higginbottom excepted to the report, on this ground. The Judge, in his decree, says, the exception was very clearly not tenable, “ but that it had been abandoned by the solicitor.” After this, we think it was not competent for Higginbottom’s replesentative to renew the demand, and that the Commissioner should have so determined.
Then as to the defendant’s third exception. The court has no disposition to call in question the decision in Mills vs. Starr, 2d Bail. 359. If Powell had no demand at law, but on the bond, and he had lost that, by his own fault, or folly, in altering the condition, he would be entitled to no aid from the court. But we are not bound to go further. If, as is illustrated by the Chancellor, he had taken another bond, with a surety, instead of the mortgage, his alteration of the original bond would not prevent his recovery at law on that which had been taken as collateral security, and this court would not interfere but on payment of the amount really due. This paper is certainly a mortgage, or would be so regarded in this court, but it has no reference to, nor any necessary connexion with, the bond, which has been mutilated. It is an absolute bill of sale of nine ne-groes, by name, with a proviso, or condition, that if the vendors should pay to the vendee the sum of $2,337 50, on or before the 23d January, 1834, the bill of sale should be void. The condition has never been complied with.
The negroes are now, and have always been, in possession of Higginbottom’s representatives, and there is no obstacle to a recovery at law on this instrument. The defendant only asks that the condition should be performed, and to this, we think with the Chancellor, he is entitled.
The decree of the Circuit Court is reformed, in regard to the defendant’s second exception. In all other respects it is affirmed, and the appeal dismissed.
Johnson and Johnston, Chancellors, concurred.
Bellinger, for defendant, J. S. Powell. Patterson, for complainants.